MUNROE A. BLANCHARD *vs.* FIRST ASSOCIATION OF SPIRITUAL-
ISTS OF PORTLAND.

*Corporation* — *a member of cannot make himself a creditor of, without
authority.*

A member of a corporation, who is not its financial officer, cannot, without authority, make himself its creditor by the voluntary payment of its debts.

The plaintiff, a member thereof, sued the corporation known as the "First Association of Spiritualists," for a balance of an account wherein was charged various sums paid for rent, carpets, furniture, gas, and oil bills for their hall of worship, and credited sums subscribed and contributed by different members and received from other persons for the use of the hall. The by-laws provided for the election of a treasurer, who thereby had charge of the funds, collections, and debts, and was required to pay the bills of the association, ordered by "the government." The plaintiff, with others, having been appointed a "committee on the hall," without any specific duties assigned, or powers conferred, purchased the carpets, etc., for the association, and on its credit, considering themselves personally bound to pay therefor, provided the association did not. *Held*, (1) That the plaintiff had no authority thus to make himself creditor of the association; and (2) That the bare vote of the association to accept the report of the committee could not be construed such a ratification as would authorize one of the committee to maintain the suit.

ON EXCEPTIONS to the rulings of *Goddard*, J., of the superior court for this county.

ASSUMPSIT on an account annexed, wherein are charged various items, from Nov. 30, 1868, to Jan. 1, 1871, comprising bills for rent, furniture, carpets, gas, and fuel, and credited various sub-

scriptions and contributions from several of the members of the association, and sums of money for use of the hall by several persons other than members, leaving a balance due of $300.30.

It appeared that the plaintiff and six others were appointed "a committee on opening the new hall;" that at the time of the appointment of the committee there was no furniture, carpets, settees, or heating apparatus in the hall; that the committee purchased them and submitted the report to the officers of the association, who constituted the "government;" that these purchases were kept separate from the treasurer's account; that the purchases were made on the credit of the association; if the association did not pay, the committee expected to, and became responsible; the directors made the arrangement that the committee were to own the property purchased, until paid for by the association; and the bills, in some instances, were made to the association.

The plaintiff testified, substantially, that the account, as sued, was presented to the whole committee, who examined it and said it was satisfactory; that it was afterwards submitted to the association at a meeting thereof; that he did not know as he was one of the committee, as such, but that his connection with the committee, so far as the bill in suit was concerned, was as treasurer of the committee.

That the association was unable to furnish the hall, and it was agreed that contributions and advances should be made, and that the money so raised should be held first to pay the rent, and next any expenses that might grow out of furnishing the hall; that until the association was able to pay for it, all the property upon which advances were made should be held and owned by the parties who made the advances; and that the plaintiff made all the disbursements stated in the bill.

On cross-examination, he testified that he sold the settees after they were taken from the hall.

The following extracts from the constitution of the association were put in.

"ART. 6. The officers of this association shall consist of a presi-

dent, vice-president, corresponding secretary, recording secretary, treasurer, and a committee of four, all of whom shall constitute a board of government for the association, and shall be chosen by ballot, if it is requested by any member. Vacancies in the government shall be filled at the next business meeting of the association.

"ART. 10. The treasurer shall have charge of the property and funds of the association, and shall have charge of the collection of subscriptions, and of any other debts due the corporation, and shall pay such bills of the association as may be ordered by the government, and shall make a full report at the annual meetings, and exhibit his accounts when required by the government of the association.

"He shall give a bond with sureties when required by the government."

At a regular meeting of the association held Jan. 9, 1870, "the corresponding secretary, treasurer, and hall committee made their reports, which reports were accepted."

*N. Webb*, for the plaintiff.

*S. C. Strout & H. W. Gage*, for the defendants.

BARROWS, J. The case must be decided according to the legal rights of the parties, and not upon the purely equitable considerations, which might perhaps be expected to influence those who are associated for religious improvement, in their dealings with each other.

The plaintiff brings suit against the corporation, of which he is a member, to recover the balance of an account, in which he charges the defendants with various sums paid for rent, carpets, furniture, gas, and coal bills, for the hall occupied by them as a place of meeting, and credits them with sums subscribed and contributed by different members, and received from other parties for the use of the hall, and for a portion of the furniture which he seems to have sold.

Being a member of the corporation, he is to be deemed cognizant of its by-laws, and bound by them, where they are not inconsistent with the laws of the State, unless he shows some action of the corporation by which he is exempted from their operation. The by-laws provide for the election of a treasurer, who is to have charge of the property and funds of the association, and of the collection of subscriptions; and it is made his duty to pay the bills under the direction of "the government." The office was duly filled by the election of N. M. Woodman. The plaintiff was not the treasurer. He was elected a member of the "committee on the hall." This committee had no specific duties assigned to, or powers conferred on them, by any action of the corporation. The plaintiff says he does not think he was ever a member of this committee, but that he acted as its treasurer. What shadow of authority, then, had he to make himself the creditor of the corporation, by the payment of its debts?

The committee seem to have assumed to make purchases of carpets, furniture, etc., for the association and on its credit. Apparently, not finding the credit of the corporation very good, they pledged their own, or, at all events, considered themselves bound, and the plaintiff has paid these bills. But in all this he and the other members of the committee were simply volunteers. They do not appear to have been authorized by any vote of the corporation to contract in its behalf, or to have been requested to become its sureties, or to collect or apply its funds to the payment of its debts. According to the by-laws this was the duty of the treasurer. No member of the committee could thus make himself the creditor of the corporation.

Nor can the bare vote of the corporation to accept the report of the committee, be construed into such a ratification as would authorize one of its members to maintain such a suit as this. The plaintiff testifies that by an arrangement with the directors the articles purchased were to be, and remain, the property of those who advanced the money for them until the association was able to pay for them. Another member of the committee, called as a wit-

ness by the plaintiff, declares that they did not become creditors by buying these articles and selling them to the corporation. The plaintiff's right to dispose of the property seems never to have been questioned. He himself asserts that right by selling a part and appropriating the proceeds to the partial payment of his claim since the report of the committee was presented.

The letter of Joseph B. Hall was objected to and is not admissible.

The ruling in the court below was correct.

*Exceptions overruled.*

APPLETON, C. J.; KENT, WALTON, DICKERSON, and TAPLEY, JJ., concurred.